UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                                    Case No.   2:04-cv-10-FtM-33DNF

TRACT J62-38, 20.00 ACRES OF LAND,
MORE OR LESS IN COLLIER COUNTY,
FLORIDA, AGEEB COMPANY, LTD., ET
AL.,

            Defendants.
_____/

## ORDER

This matter came before the Court on June 30, 2005, for a bench trial on the matter of just compensation in eight condemnation proceedings. All parties known or believed by the plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71A. No property owner or other claimant appeared at trial. The Court heard testimony on behalf of plaintiff from Bernard F. Gallagher, Review Appraiser for the Department of Interior National Business Center, Office of Appraisal Services Directorate, South East Regional Field Office, regarding the value of the properties, and no evidence was presented to the contrary.

### I.  Procedural History

Pursuant to a Declaration of Taking and an Order for Delivery of Possession, the government took immediate possession of the properties soon after filing condemnation proceedings. In five of

the cases, the Court either dismissed the Collier County Tax Collector as an unnecessary party or disbursed funds from the Registry of the Court for unpaid taxes due and owing. In three of the cases, the Collier County Tax Collector filed an answer requesting that any accrued and unpaid taxes be paid before any payment is made to the property owner. Pursuant to Applications for Withdrawal of Estimated Just Compensation, the Court has distributed funds to entitled claimants pending a final determination at trial in one case. No Applications for Withdrawal of Estimated Just Compensation have been filed by any claimants in the remaining cases.

## II. Findings of Fact and Conclusions of Law

The Court, having considered the testimony and other evidence, determines just compensation as to each tract of property as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract H28-17 (10.0 acres) 2:02-cv-406 | $7,500.00 | $7,413.79 (leaving $0.00 on deposit) | $7,500.00 ($750/acre) |
| Tract J47-10 (5.0 acres) 2:02-cv-410 | $3,750.00 | $0.00 | $3,750.00 ($750/acre) |
| Tract J45-04 (2.5 acres) 2:03-cv-307 | $1,875.00 | $0.00 | $1,875.00 ($750/acre) |

| Tract J53-29 (5.0 acres) 2:03-cv-311 | $3,750.00 | $0.00 | $3,750.00 ($750/acre) |
| --- | --- | --- | --- |
| Tract J17-18 (2.5 acres) 2:03-cv-481 | $1,900.00 | $0.00 | $1,900.00 ($760/acre) |
| Tract H02-31 (5.0 acres) 2:04-cv-2 | $5,000.00 | $0.00 | $5,000.00 ($1,000/acre) |
| Tract H08-03 (10.0 acres) 2:04-cv-6 | $10,000.00 | $0.00 | $10,000.00 ($1,000/acre) |
| Tract J62-38 (20.0 acres) 2:04-cv-10 | $20,000.00 | $0.00 | $20,000.00 ($1,000/acre) |

The Court further finds and concludes:

1.   That title in the property listed in Case Numbers 2:02-cv-406-FtM-33SPC and 2:02-cv-410-FtM-33SPC shall be vested in the United States of America by operation of law as of September 3, 2002.  As of that date, the fair market value of each tract is $750 per acre as set forth in the chart above.

2.   That title in the property listed in Case Numbers 2:03-cv-307-FtM-33SPC and 2:03-cv-311-FtM-33SPC shall be vested in the United States of America by operation of law as of June 24, 2003. As of that date, the fair market value of each tract is $750 per acre as set forth in the chart above.

3.   That title in the property listed in Case Number 2:03-cv-481-FtM-33SPC shall be vested in the United States of America by operation of law as of August 20, 2003.  As of that date, the fair

3

market value of the tract is $760 per acre as set forth in the chart above.

4. That title in the property listed in Case Numbers 2:04-cv-2-FtM-33SPC; 2:04-cv-6-FtM-33DNF; and 2:04-cv-10-FtM-33DNF shall be vested in the United States of America by operation of law as of June 30, 2005. As of that date, the fair market value of each tract is $1,000 per acre as set forth in the chart above.

5. That payment of just compensation, as provided above, shall be in full satisfaction of any and all claims of whatever nature against the plaintiff by reason of its institution and prosecution of this action and the taking of the property.

6. That just compensation will be subject to all real estate taxes, liens and encumbrances of whatever nature existing against the property at the time of vesting title in the plaintiff. Such taxes, liens and encumbrances are payable and deductible from the just compensation, to the extent established and proven to the Court upon application.

7. That the just compensation includes the estimated just compensation previously deposited by the plaintiff. The plaintiff shall deposit into the Registry of the Court that portion of the just compensation, if any, in excess of the amount of the estimated just compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from each property's respective date of taking, as set forth above in either

4

paragraph 1, 2, 3, or 4 until the date of the deposit. Such deposit shall be made within FORTY-FIVE DAYS of the entry of this Order.

8. That the Clerk of the Court will retain the deposited just compensation in Case Numbers 2:02-cv-410-FtM-33SPC; 2:03-cv-307-FtM-33SPC; 2:03-cv-311-FtM-33SPC; 2:03-cv-481-FtM-33SPC; 2:04-cv-2-FtM-33SPC; 2:04-cv-6-FtM-33DNF; and 2:04-cv-10-FtM-33DNF until further order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the just compensation.

9. The Clerk of the Court shall enter Judgment immediately, notwithstanding disbursements, as provided above and incorporating the contents of this Order for all cases herein. The Clerk of the Court shall close Case Number 2:02-cv-406-FtM-33SPC finding that the balance in the Registry of the Court should reflect a zero balance with no further applications due to be filed. The Clerk of the Court shall administratively close the remaining cases without terminating any pending motions or outstanding applications, not to exceed five years. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

10. That, in the event that the just compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Order, the Clerk of the Court,

5

pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 30th day of June, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All parties of record